UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY BAIRD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11 CV 1589 DDN |
| | ) |
| DOLGENCORP, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

Before the court is the motion of defendants/third party plaintiffs Dolgencorp, L.L.C., and Dolgencorp, Inc. to quash the deposition of Bryan Schubert, which was noticed by plaintiffs for February 7, 2013. (Doc. 116.) The court heard oral argument during an expedited telephone conference hearing on February 5, 2013. Following the hearing the court orally ruled the motion, sustaining it in part and otherwise overruling it. This Memorandum and Order more fully explains the court's disposition of the motion.

Defendants retained Bryan Schubert to perform investigative work. Defendants recently provided plaintiffs' counsel with videotapes of surveillance footage of plaintiff Gregory Baird prepared by Schubert while doing his investigation for defendants. Thereafter, plaintiffs issued a subpoena to Schubert for a deposition in Tulsa, Oklahoma at 2:00 p.m. on February 7, 2013. Defendants sought to quash plaintiffs' subpoena by invoking Fed. R. Civ. P. 45(c)(3), which requires courts to quash or modify subpoenas that require disclosure of privileged or other protected matters. Specifically, defendants argue that plaintiffs' subpoena requires the disclosure of matters protected by the attorney-client and work product privileges.

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Plaintiffs state that during the deposition, they will inquire about the circumstances of the recording of the videos, including the dates and times of the

~ 1 ~

recordings and the existence of additional unproduced surveillance footage.[1]  The court finds that plaintiffs' discovery request is relevant to the claims and defenses alleged.

In this diversity case, the state law that supplies the rule of decision also supplies the law regarding privileges. See Fed. R. Evid. 501.  In this case, Missouri law governs the inquiry regarding the attorney-client privilege.  See Hansen v. Sears, Roebuck & Co., 574 F. Supp. 641, 643-44 (E.D. Mo. 1983).

Under Missouri law, information is protected by the attorney-client privilege if it is voluntarily transmitted between a client and a lawyer in confidence by a means that does not generally disclose information to third parties.  State v. Longo, 789 S.W.2d 812, 815 (Mo. Ct. App. 1990); Mo. Rev. Stat. § 491.060(3).  The privilege also extends to communications between investigators and attorneys.  State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 257 S.W.2d 69, 73 (1953); Ratcliff v. Sprint Missouri, Inc., 261 S.W.3d 534, 547 (Mo. Ct. App. 2008).  Accordingly, the confidential communications between Schubert and defendants' counsel are privileged.

Fed. R. Civ. P. 26(b)(3)(A) governs the work product doctrine and states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).  The work product doctrine protects the documents and tangible things prepared by Schubert in his capacity as an investigator on behalf of defendants.  United States v. Nobles, 422 U.S. 225, 238-39 (1975); United States v. Willis, 565 F. Supp. 1186, 1219 (S.D. Iowa 1983).  This would include the videos he produced, if the defendants had not waived any such privilege by disclosing them to plaintiffs.

However, defendants seek to quash plaintiffs' subpoena for a deposition, which produces testimony rather than documents or tangible things. "[W]hile Rule 26(b)(3) affords protection for documents and tangible things, the underlying facts are not protected by the work-product doctrine." Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 512-13 (D. Minn. 1997); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995); Phillips Electronics North America Corp. v. Universal Electronics, Inc., 892 F.Supp. 108, 110 (D.Del.1995).  What Bryan Schubert witnessed, that is relevant to the case, may be the subject of his deposition.

---

[1] During the hearing, counsel for defendants stated that no additional unproduced surveillance footage exists.  The undersigned notes that if the footage already produced by defendants is presented to the jury during trial, fairness will require defendants to produce any additional footage.

~ 2 ~

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Dolgencorp, L.L.C., and Dolgencorp, Inc. to quash the deposition of Bryan Schubert (Doc. 116) is sustained as to confidential communications between Bryan Schubert and defendants' counsel and the motion is denied in all other respects.

  /S/   David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 5, 2013.