UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY BAIRD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11 CV 1589 DDN |
| ) | |
| DOLGENCORP, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This action is before the court on the motions for the bills of costs of plaintiffs Gregory and Michelle Baird and third party defendant Lincoln County Shopping Center, L.L.C. (Docs. 231, 233, 234.)

### I. BACKGROUND

On August 24, 2011, plaintiffs Gregory and Michelle Baird commenced this action against defendants Dolgencorp, L.L.C., and Dolgencorp, Inc. (collectively "Dolgencorp"), and Lincoln County Shopping Center, L.L.C. ("LCSC"), alleging that defendants caused plaintiff Gregory Baird physical injury on November 23, 2007. (Doc. 1.) On April 17, 2012, plaintiffs filed a motion to dismiss their claims against LCSC, which the court granted. (Docs. 40, 42.) On May 2, 2012, Dolgencorp filed a complaint naming LCSC as third party defendant. (Doc. 43.) On May 25, 2012, third party defendant LCSC filed an answer and raised counterclaims against Dolgencorp. (Doc. 47.)

On March 11, 2013, the jury trial began, and on April 3, 2013, the jury returned a verdict. (Docs. 196, 222.) The jury found that plaintiff Gregory Baird suffered $4,627,800 in damages but also assessed his percentage of fault at 52%. (Doc. 230.) The

jury also found that plaintiff Michelle Baird suffered $250,000 in damages.  (Id.)  The jury did not find that LCSC negligently contributed to plaintiffs' injuries.  (Id.)  The court issued judgment against defendants Dolgencorp, LLC, and Dolgencorp, Inc., accordingly. (Doc. 230.)  In the judgment order, the court indicated entitlement of plaintiffs and third party defendant Lincoln County Shopping Center to litigation costs.  (Id.)

On August 1, 2013, plaintiffs and defendants Dolgencorp, LLC, and Dolgencorp, Inc. moved jointly for the court to vacate and set aside the verdict of the jury and the judgment issued by the court as they affected the movants, including setting aside " the award of damages, *costs* and interest," because the movants had settled their dispute. (Doc. 254 (emphasis added).)  On August 5, 2013, the court sustained this motion but ordered that the jury's verdict and the court's judgment against defendants Dolgencorp, LLC, and Dolgencorp, Inc. and in favor of third party defendant LCSC remain unaffected by the order. (Doc.  255.)

Accordingly, the settlement between plaintiffs and defendants Dolgencorp, LLC, and Dolgencorp, Inc. and the resulting order render plaintiffs' motions for bills of costs moot.  (Docs. 233, 234.)  The motion of third party defendant Lincoln County Shopping Center for a bill of costs against defendants Dolgencorp, LLC, and Dolgencorp, Inc. remains for disposition.  (Doc. 231.)

## II. DISCUSSION

Bills of costs require careful scrutiny.  Koppinger v. Cullen-Schiltz & Associates, 513 F.2d 901, 911 (8th Cir. 1975).  Only those items of costs authorized by statute may be taxed by the court.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-445 (1987).  28 U.S.C. § 1920 enumerates taxable costs, and Fed. R. Civ. P. 54(d) "presumes an award of costs to the prevailing party."  Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006).  However, the court has wide discretion in deciding whether to award costs.  Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011). The losing party bears the burden of overcoming the presumption that the prevailing

party is entitled to costs, meaning that the losing party must "suggest a rationale under which the district court's actions constitute an abuse of discretion." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007).

Third party defendant Lincoln County Shopping Center, LLC (LCSC), seeks a total of $27,482.98 in costs. (Doc. 231 at 6.)

Dolgencorp first objects to LCSC's bill of costs on the basis that LCSC failed to comply with Local Rule 54-8.03, which requires parties to file bills of costs on form AO 133. However, LCSC filed this form as an attachment. (Doc. 231-7.)

Dolgencorp objects to the $500.00 cost of the video depositions of Margie Sadler and Vickie Whitehead, arguing that LCSC also requested costs for the stenographic depositions of those witnesses and that the stenographic depositions could have been used at trial. LCSC replies that Dolgencorp used these video depositions at trial, and no party previously objected to video depositions. Given the relevance and utility of both stenographic and video depositions and the absence of pretrial objection, the court concludes that both are necessary to fully informed fact-finding by the jury. Therefore, the costs for the stenographic depositions of Margie Sadler and Vickie Whitehead are allowed.

Dolgencorp objects to the $643.11 cost of trial subpoenas for eight witnesses, arguing that the trial subpoenas were unnecessary because the parties deposed these witnesses on video for use at trial. LCSC responds that the testimony of each witness related to issues crucial to the case and that the witnesses could have been called at trial. "If a witness is subpoenaed to appear at trial in good faith, the costs may be taxed even if the witness does not actually testify." Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 722 (N.D. Ill. 1982); Chicago Fire Fighters Union Local No. 2 v. City of Chicago, 2001 WL 40800, *4 (N.D. Ill. 2001); but see Johnson v. Bergh, 2009 WL 36421, *1 (E.D. Mo. 2009) ("Witness fees paid to people who were not called to testify are not taxable."). Because of the crucial nature of the witnesses' testimony and the

-3-

practical limitations of recorded testimony, the court finds such costs necessary and taxable.

Dolgencorp also argues that the maximum recoverable amount for a witness is $40 per day and cites 28 U.S.C. § 1821(b), which states, "A witness shall be paid an attendance fee of $40 per day for each day's attendance."  LCSC responds that the $643.11 figure also includes travel expenses of the eight witnesses.  "All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to [28 U.S.C. § 1920]."  28 U.S.C. § 1821(c)(4); see also Cofield v. Crumpler, 179 F.R.D. 510, 517 (E.D. Va. 1998) ("In addition, the prevailing party may recover costs for fees, mileage, and subsistence of witnesses who appeared, and those who, believed to be necessary, appeared but did not testify.")  Therefore, the court allows recovery of the $643.11 for witness fees.

Dolgencorp objects to the $1,177.40 cost for service fees, arguing that special process service fees are not recoverable.  In response, LCSC withdrew its request for service fees. (Doc. 240 at 5.)  This cost is denied.

Dolgencorp objects to the $11,104.24 for the fee of video specialist Lisa Wineteer, arguing that fees for professional services are not recoverable.  LCSC responds that she edited videos of depositions for use at trial to omit inadmissible testimony.  Because edited video depositions were used in the trial, the court finds that the services of a video specialist were reasonable and necessary.

Because Dolgencorp raises no further objection to LCSC's other costs, LCSC may recover these costs.   Accordingly, LCSC may recover from Dolgencorp $25,953.03 in costs.

Therefore,

**IT IS HEREBY ORDERED THAT** the motion for bill of costs of third party defendant Lincoln County Shopping Center, L.L.C. (Doc. 231) is sustained in part and denied in part.  Third party defendant Lincoln County Shopping Center, L.L.C. may recover from Dolgencorp $25,953.03.

**IT IS FURTHER ORDERED THAT** the motions for bill of costs of plaintiffs Gregory and Michelle Baird  (Docs. 233, 234) are denied as moot.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 12, 2013 .